## EBENEZER DUNBAR *vs.* HARVEY TAINTER & others.

A testator devised land to his executor T. in trust to sell such part thereof as in T.'s judgment would promote the interest of all concerned, for the pay ment of certain legacies and debts; T. declined to act as executor; an adminis trator with the will annexed was appointed, and, acting under the mistaken supposition that he was authorized by the will to sell, sold the land, and charged himself with the purchase money in his probate account; T. afterwards accepted the office of trustee under the will, and sold the land to the same purchaser for a sum equal to the consideration received by the administrator, adding interest from the date of that sale. It was held, that the administrator was entitled to be credited in his probate accounts with the sum with which he had so charged himself, and with any interest which had accrued to the estate on such sum.

THIS was an appeal from a decree of the probate court, disallowing certain items in the third account of the appellant as administrator with the will annexed of Ephraim Copeland; and was submitted to this court upon the following statement of facts:

Ephraim Copeland by his last will, duly proved in August, 1842, appointed Jonas Tucker sole executor of the same, and gave said Tucker power to sell real estate for certain purposes expressed in the will. See *ante*, 568. Tucker declined the office of executor, and the appellant was thereupon appointed administrator with the will annexed of Copeland's estate, gave

bond as such, and published notice of his appointment.  In the fall of 1843 and spring of 1844, the appellant, in pursuance of the supposed authority contained in the will, sold at public auction, after proper notice, for the purposes mentioned in the will, all the real estate of the testator, not specifically devised, and received the purchase money, amounting to the sum of $5327.54, as appears by the considerations expressed in the deeds, and by the items with which he charged himself in his first and second accounts.   This court, at October term, 1848, upon a writ of entry brought by one of the residuary devisees of Copeland against a grantee under one of these deeds from the appellant, held the deed void for want of authority in Dunbar to give it.   *Clark* v. *Tainter*, 13 Met. 220. Jonas Tucker, on the 20th of December, 1848, accepted the office of trustee under the will, and gave bond accordingly ; and on the 30th of the same month, sold at private sale, and conveyed, the same several lots of land, to the same persons who had purchased of Dunbar, and in consideration of the same sums, adding the lawful interest from the time of the sale by Dunbar to the time of the sale by Tucker.   At the time of Tucker's sale, the residuary devisees and their heirs had made no conveyance or partition of their interest in the real estate ; and the lots were in possession of Dunbar's grantees or of those claiming under them.   On the 20th of February, 1849, Tucker filed, in the probate office, an account under oath of his sales as trustee, showing the sum of $6950.25, which amount he holds for the payment of the two one thousand dollars legacies, under Copeland's will, and interest thereon, and of the just debts of said Copeland.

The appellant claimed to be allowed the amount of the sales made by him and credited to the estate upon the settlement of his first and second accounts, and also claimed interest on the items so credited from the time of making those sales to the settlement of his account.   The account is to be stated and settled as the court shall direct.

*I. M. Barton*, for the appellant.

*J. H. Mathews*, for the appellee.

DEWEY, J.   The claim of the administrator, Dunbar, to the

reimbursement of all sums credited by him to the estate of
Ephraim Copeland, as avails of land sold by said Dunbar, is
entirely reasonable and proper; those conveyances having
been declared invalid, and no estate having passed thereby.
*Sherman* v. *Atkins*, 4 Pick. 283. As to his claim for interest
on said sums, so far as the same can be allowed without any
prejudice to the estate of Copeland beyond the loss of interest
accrued upon moneys derived from those sales, that would
seem reasonable. In other words; if the account of Dunbar
is so corrected and stated, that the estate of Copeland shall
not be affected by reason of such sales, treating them as though
nothing of the kind had taken place, that mode of stating the
account should be adopted. But the court do not deem it
expedient, at this time, to make any final decree as to this
account. After Tucker shall have paid over to Dunbar the
balance in his hands, payable to the administrator, Dunbar
may state a new account.